**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT A. EDMONDS, | ) | |
| | ) | Civil Action No. 22 – 653 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge William S. Stickman |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| ROSE A. SEMPLE and JOHN F. DISALLE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's Amended

Complaint (ECF No. 15) be dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(iii)

with respect to his claims for damages against Defendant John F. DiSalle and § 1915(e)(2)(B)(ii)

with respect to Plaintiff's request for injunctive relief against Defendant DiSalle.  It is also

recommended that Plaintiff's Amended Complaint be dismissed with prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) with respect to his claims against Defendant Rose A. Semple.  It is

further recommended that Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) be

denied as moot.

**II.     REPORT**

Plaintiff Scott A. Edmonds ("Plaintiff") is a pretrial detainee currently in custody at the

Washington County Correctional Facility in Washington, Pennsylvania.[1]  He initiated this action

by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), which was

---

[1] Plaintiff is awaiting trial for criminal homicide and tampering with evidence charges in case
CP-63-CR-0000833-2014 in the Court of Common Pleas of Washington County, Pennsylvania.

granted on May 4, 2022, (ECF No. 4).  Plaintiff has sued John F. DiSalle ("Judge DiSalle"), the President Judge for the Washington County Court of Common Pleas and the judge presiding over Plaintiff's criminal case, and Rose A. Semple ("Attorney Semple"), his current court appointed attorney from the Office of Conflict Counsel.  He alleges that Defendants have denied him a fair and unbiased trial, including conspiring to deny him his constitutional rights, and he requests that the Court order Judge DiSalle to reinstate Plaintiff's right to self-representation and to stay Plaintiff's criminal trial until this case has been fully adjudicated.  *See*, *generally*, ECF No. 15.  For the following reasons, the undersigned recommends that Plaintiff's Amended Complaint be dismissed with prejudice.

### A.  <u>Standard of Review</u>

When a plaintiff has requested leave to proceed *in forma pauperis*, district courts must review his allegations in accordance with 28 U.S.C. § 1915(e).  Section 1915(e)(2) requires federal courts to review complaints filed *in forma pauperis* and to dismiss, at any time, any action that: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]

When determining whether an action has failed to state a claim for purposes of § 1915(e)(2)(B)(ii), the Court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>D'Agostino v. CECOM RDEC</u>, 436 F. App'x 70, 72 (3d Cir. 2011).  That means that the Court must dismiss a complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

---

[2] Dismissal under § 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).

554, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In reviewing a plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff.  Twombly, 550 U.S. at 555-56; *see also* Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above a speculative level[.]"  Id. at 555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *See* Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d

244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

### B.  Discussion

#### 1.  Judge DiSalle

The Eleventh Amendment bars suit against Judge DiSalle to the extent he is being sued in his official capacity as a judge for the Court of Common Pleas of Washington County, Pennsylvania.  In this regard, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted).  Here, a claim against Judge DiSalle in his official capacity is really a claim against the court over which he presides; an entity of the Commonwealth of Pennsylvania that is entitled to Eleventh Amendment immunity.  *See* PA. CONST. Art. V, §§ 1, 7; 42 Pa. C.S. § 1511.  *See also* Haybarger v. Lawrence County Adult Probation and Parole, 551 F.3d 193, 198 (3d Cir. 2008); Benn v. First Judicial Dist. of Pa., 426 F.3d 233 (3d Cir. 2005) (Holding that Pennsylvania's First Judicial District was "state entity" entitled to Eleventh Amendment immunity); Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies.").

4

Eleventh Amendment immunity may be lost only in one of two ways: (1) if the Commonwealth waives its immunity; or (2) if Congress abrogates the States' immunity pursuant to a valid exercise of its power. *See* College Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 670 (1999); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 240-4 (1985). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. C.S.A. § 8521(b); 1 Pa. C.S.A. § 2310; *see also* Lavia v. Pennsylvania, Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Additionally, Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *See, e.g.*, Will, 491 U.S. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordan, 440 U.S. 332, 341 (1979); Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that States' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996). As such, Eleventh Amendment immunity bars any claim he may have against Judge DiSalle in his official capacity.

To the extent Plaintiff has sued Judge DiSalle in his individual capacity, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. The doctrine of absolute judicial immunity grants judges absolute immunity "from liability for damages for acts committed within their judicial jurisdiction . . . ." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear

absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal citation and quotation omitted).  Judicial immunity will not apply only if the judge acts with "clearly no jurisdiction over the subject-matter," id. at 356 n.6 (quoting Bradley v. Fisher, 80 U.S. 335, 351-52 (1871)), or where the challenged conduct is not a judicial act, Mireles v. Waco, 502 U.S. 9, 11 (1991).  Whether an act is a judicial one is determined by whether the action is typically one performed by a judge and whether the parties thought they were dealing with a judge acting in his or her judicial capacity.  Stump, 435 U.S. at 362.

Plaintiff alleges that Judge DiSalle "acted in an administrative capacity when he . . . scheduled himself as judge" with an "ulterior agenda or motive in mind" after Plaintiff sent him "threatening letters" regarding Conflict Counsel Attorney Kimberly Furmanek, which Plaintiff claims lead to Attorney Furmanek's termination and a headache for Judge DiSalle who, as "the immediate supervisor for attorneys in the Office of Conflict Counsel" had to "spend massive amounts of time and money . . . to procure paid private counsel for Attorney Furmanek's clients (inmates) left without counsel."  (ECF No. 15, pp.3-4.)  Essentially, Plaintiff infers that Judge DiSalle is biased against him for what he did, and, as a result, Judge DiSalle appointed himself as judge to Plaintiff's criminal case and then wrongfully terminated Plaintiff's pro se status and appointed an attorney from the Washington County's Office of Conflict Counsel, Attorney Semple, whom Plaintiff states should not have been appointed because of his ongoing conflict with Washington County and because Judge DiSalle is the immediate supervisor of the attorneys in said Office.  Plaintiff alleges that Judge DiSalle and Attorney Semple have conspired to deny Plaintiff his right to self-representation and a fair and unbiased trial.  Plaintiff also alleges that Judge DiSalle has improperly ruled on motions alleging "obstruction and malfeasance" in his

6

criminal case by Judge DiSalle's long-time friend, Washington County District Attorney Gene Vittone.

Plaintiff argues that his claims against Judge DiSalle are not barred by judicial immunity because Judge DiSalle's actions were not judicial in nature, but rather "administrative." *See* Forrester v. White, 484 U.S. 219, 228 (1988) ("Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts[]" to which judicial immunity would apply.)  However, no matter how Plaintiff frames them, the actions by Judge DiSalle of which Plaintiff complains were judicial actions taken by Judge DiSalle in the course of Plaintiff's criminal proceedings. This includes Judge DiSalle's reassignment of Plaintiff's criminal case, which is his primary complaint.  *See e.g.*, Gochin v. Haaz, 16-5359, 2017 WL 4475973, at *6 (E.D. Pa. May 10, 2017) (plaintiff's allegation that defendant president judge improperly reassigned his case to another judge is barred by judicial immunity because it was an action taken within the president judge's judicial capacity), *aff'd*, 724 F. App'x 155 (3d Cir. Feb. 7, 2018); *see also* In re Picozzi, 18-CV-2201, *et al*., 2018 WL 3393279, at *9 (E.D. Pa. July 12, 2018) (claims against chief judge based on reassignment of plaintiff's cases barred by judicial immunity); Chaplin v. Manfredi, 87-6781, 1988 WL 7844, at *1 (Feb. 2, 1988) (judicial immunity applied to plaintiff's claim that defendant judge reassigned plaintiff's criminal action to another judge and appointed a new attorney to represent him as stand-by counsel because by doing so defendant judge was acting in his judicial capacity as Major Felony Calendar Judge); 42 Pa. C.S. § 325(e) (setting out the powers and duties of president judges in Pennsylvania, including making "all judicial assignments").  This also includes Plaintiff's allegations that Judge DiSalle's actions and rulings were motivated by malice against Plaintiff for his conduct involving Attorney Furmanek or Judge DiSalle's long time

7

friendship with District Attorney Vittone.  *See* Mireles, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly[.]"); Holloway v. Walker, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.")  Accordingly, Plaintiff's claims for damages against Judge DiSalle are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  *See*, *e.g.*, Ball v. Butts, 445 F. App'x 457 (3d Cir. Sept. 21, 2011).

Additionally, while Plaintiff is also seeking injunctive relief against Judge DiSalle, such relief is not available because Congress enacted § 309(c) of the Federal Courts Improvement Act ("FCIA") in 1996, which amended § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Pub.L. No. 104-317, § 309(c); 110 Stat. 3847 (1996); 41 U.S.C. § 1983.  Plaintiff does not allege that a declaratory decree was violated, or that declaratory relief was unavailable to him.  Because Plaintiff's request for injunctive relief against Judge DiSalle is not available, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See e.g.*, L.B. v. Town of Chester, 232 F.Supp.2d 227, 238 (S.D.N.Y. 2002); Kampfer v. Scullin, 989 F.Supp. 194, 201-202 (N.D.N.Y. 1997); *see also* Jung v. Pennsylvania, 3:18-CV-01248, 2018 WL 3717213, at *4 (M.D. Pa. June 27, 2018); Steinberg v. Supreme Court of Pennsylvania, 09-86, 2009 WL 1684663, at *22 (W.D. Pa. June 10, 2009); *see also* Ball v. Butts, 445 F. App'x 457 (3d Cir.

Sept. 21, 2011) (stating that the plaintiff's request for injunctive relief against the defendant judge was subject to dismissal under § 1915(e)(2)(B)(ii)).

### 2. Attorney Semple

Plaintiff's claims against Attorney Semple are subject to dismissal for failure to state a claim because the Supreme Court has held that a public defender does not act "under color of state law" for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional function as counsel to an indigent defendant in a state criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). And, this principle extends to court appoint attorneys, like those through conflict counsel. *See* T.R. v. Havens, 612 F. App'x 83, 89 (3d Cir. 2015). While court appointed attorneys "may" act under color of state law for section 1983 purposes "while performing certain administrative and possibly investigative functions," Polk, 454 U.S. at 325, Plaintiff fails to allege any plausible "administrative action" exception to the general rule. Thus, to the extent Plaintiff complains about any specific conduct by Attorney Semple, it appears to be based entirely on her actions as counsel to Plaintiff in his criminal proceedings.[3] Accordingly, Attorney Semple is not a state actor for section 1983 purposes and Plaintiff's claims against her are subject to dismissal for failure to state a claim. *See*, *e.g.*, Tchirkow v. Powanda, 2:19-CV-00984, 2020 WL 2425795, at *4 (W.D. Pa. Apr. 20, 2020).

In his Amended Complaint, Plaintiff appears to allege that Attorney Semple conspired with Judge DiSalle to deny Plaintiff his federally protected rights, including his right to self-

---

[3] Apart from allegations that she conspired with Judge DiSalle to deny Plaintiff his rights, which will be addressed next, the undersigned cannot actually make out any action by Attorney Semple about which Plaintiff is complaining, only that she is employed by the Office of Conflict Counsel and is paid by Washington County. According to Plaintiff, no attorney from the Office of Conflict Counsel should be appointed to his case because of an apparent conflict that he has with that office due to the actions of another attorney and because those attorneys are paid by Washington County against whom Plaintiff alleges wrongdoing.

representation.  In <u>Dennis v. Sparks</u>, 449 U.S. 24 (1989), the Supreme Court held that a private person engaged with state officials in prohibited conduct is acting under color of state law for purposes of § 1983 liability.  <u>Id</u>. at 27.  Although § 1983 liability will not generally lie against a private party, liability may attach where the private party "is a willful participant in joint action with the State or its agents."  <u>Id</u>.  Hence, a private action may be converted into state action if a state actor conspires with a private individual to deprive a plaintiff of his constitutional rights.  <u>Id</u>. at 27-29.  The requisite state action may be found even if the state actor with whom the private individual allegedly conspired is himself immune from suit.  <u>Id</u>. (action against private parties accused of conspiring with judge found to be state action under § 1983).  However, the allegations of a complaint must state a claim for conspiracy.

In order to make out a claim for conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants.  <u>Bieros v. Nicola</u>, 860 F.Supp. 223, 225 (E.D. Pa. 1994) (citing <u>Leatherman v. Tarrant County Narcotics Intelligent & Coordination Unit</u>, 507 U.S. 163, 168 (1993)).  "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  <u>Shearin v. E.F. Hutton Group, Inc.</u>, 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by* <u>Beck v. Prupis</u>, 529 U.S. 494 (2000).  Further, in light of <u>Twombly</u> and its progeny, there must be "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'"  <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010) (quoting <u>Twombly</u>, 550 U.S. at 556).

Here, Plaintiff has failed to allege a plausible conspiracy claim pursuant to the requirements of Twombly and its progeny.  There are no facts that plausibly suggest a meeting of the minds between Attorney Semple and Judge DiSalle to deprive Plaintiff of his constitutional rights, including his right to self-representation.  Plaintiff only alleges that Attorney Semple has "the power to correct Plaintiff's loss of liberty," and "under normal circumstances an attorney would adhere to their client's wishes, and would certainly object when a federally protected right is violated," but she "has never at any time objected to said loss" and so "reasonable minds" would conclude that she engaged in a conspiracy with Judge DiSalle to deprive Plaintiff of his constitutional rights, including his right to self-representation.  (ECF No. 15, pp.7-8.)  However, Plaintiff's bald allegations of conspiracy fail to set forth "plausible grounds to infer an agreement."  Mincy v. Klem, 1:08-CV-0066, 2009 WL 331432, at *5 (M.D. Pa Feb. 9, 2009) (In alleging conspiracy "[a] plaintiff cannot rely on subjective suspicions and unsupported speculation.")  Plaintiff's Amended Complaint does not contain enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *See* Twombly, 550 U.S. at 556.  Accordingly, Plaintiff may not convert Attorney Semple's purely private action into state action by including her in an alleged conspiracy with Judge DiSalle.  Therefore, Plaintiff's claim of conspiracy, to the extent he brings it pursuant to § 1983, should be dismissed for failure to state a claim.

Unlike § 1983, state action is not required to support a claim pursuant to § 1985(3), which Plaintiff appears to invoke. *See* Griffin v. Breckenridge, 403 U.S. 88 (1971).  In order to state a claim under § 1985(3), the plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in

11

furtherance of the conspiracy; and (4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters & Joiners Local 610 v. Scott, 463 U.S. 825, 828-29 (1983) (citing Griffin, 403 U.S. at 102-03). Again, Plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators. Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)), *abrogated on other grounds by* United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 400 (3d Cir. 2003); Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991), *later proceeding*, Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992), *superseded by statute*, Prison Litigation Reform Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, *as discussed in* Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000). Even though the Supreme Court held in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), that the allegations in a § 1983 complaint cannot be held to a standard of heightened specificity, a plaintiff must allege conspiracy with some particularity. Bieros, 860 F.Supp. 223, 225 (E.D. Pa.1994) (citing Leatherman, 507 U.S. at 168).

As discussed above, Plaintiff has failed to allege any facts that indicate Attorney Semple and Judge DiSalle entered into any agreement or plan to deprive Plaintiff of his constitutional rights, nor has Plaintiff averred any facts to show an act in furtherance of the agreement. "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocations Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (internal citation and quotation omitted). Accordingly, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1985(3).

### 3. Younger Abstention

12

Lastly, to the extent Plaintiff seeks any form of injunctive relief for alleged present and continuing constitutional deprivations regarding his representation or the on-going criminal proceedings against him, Plaintiff seeks relief that a federal court should not provide.  In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  Yang v. Tsui, 416 F.3d 199, 201 (3d Cir. 2005) (discussing Younger).  Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."  Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting Younger, 401 U.S. at 44).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  Id. However, "[a]bstention under Younger is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

The Younger requirements are clearly met in this case.  First, Plaintiff's criminal proceedings are still pending.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, the state appeals process affords Plaintiff an adequate opportunity to argue that the actions of Judge DiSalle and Attorney Semple deprived him of a fair and impartial trial.  Accordingly, even if Plaintiff's claims were not subject to dismissal for the reasons previously stated, it would be appropriate to abstain out of deference to the state judicial process.[4]

---

[4] Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional

## C. **Amendment**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Here, all of Plaintiff's claims are barred by settled law and cannot be resurrected via an amendment. Based on his current allegations, the undersigned can imagine no additional facts Plaintiff could plead that would overcome the deficiencies in his Amended Complaint. The undersigned also notes that it issued a similar Report and Recommendation on May 12, 2022 (ECF No. 9) and Plaintiff was granted leave to file this Amended Complaint, which also did not overcome the deficiencies in his original Complaint. Accordingly, the undersigned does not recommend granting Plaintiff leave to amend.

## III. **CONCLUSION**

For the aforementioned reasons, it is respectfully recommended that Plaintiff's Amended Complaint (ECF No. 15) be dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(iii) with respect to his claims for damages against Defendant John F. DiSalle and § 1915(e)(2)(B)(ii) with respect to Plaintiff's request for injunctive relief against Defendant DiSalle. It is also recommended that Plaintiff's Amended Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with respect to his claims against Defendant Rose A. Semple. It is

---

prohibitions," or where there is a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53-54. The exceptions are narrowly construed. *See, e.g.*, Hall v. Pennsylvania, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012); Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). There is nothing in the Amended Complaint to indicate that Plaintiff falls within any of the narrow exceptions to the Younger doctrine.

further recommended that Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) be denied as moot.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: July 22, 2022.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Scott A. Edmonds
      20140007250
      Washington County Correctional Facility
      100 West Cherry Avenue
      Washington, PA  15401